Filed 3/7/23  P. v. Mal CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096390 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE018526) |
| v. | |
| AVENESH KUMAN MAL, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Avenesh Kuman Mal has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding none, we will affirm.

## I.  BACKGROUND

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

The amended complaint in this case, deemed an information, charged defendant with vehicular manslaughter with gross negligence.  (Pen. Code, § 192, subd. (c)(1).)[1]

---

[1]  Undesignated statutory references are to the Penal Code.

1

On September 14, 2018, at approximately 4:15 p.m., a detective with the Sacramento Police Department heard a loud explosion, saw smoke, and went to investigate. When he arrived at the scene, he saw two cars that had been involved in a collision. One of the cars was engulfed in flames; the driver was still in the car and burned to death.

The detective and another witness saw defendant standing by his own badly damaged car, retrieving items from the passenger compartment and putting them in the trunk. Defendant did not approach the victim's car. Defendant appeared calm and told the detective he was the driver of the car.

At trial, the prosecution presented video evidence taken from the dash cam of defendant's car that shows him traveling at a high rate of speed. Just prior to the accident, the video shows a second car pulling in front of defendant at an intersection where both cars stopped for a traffic light. When the light turned green, both cars accelerated quickly and appear to "start racing," with defendant's car changing lanes in an effort to pass the other car. Shortly after defendant moved into the left lane and passed the other car, defendant broadsided the victim's car which was turning left in front of him.

The event data recorder in defendant's car shows he was driving between 100 and 109 miles per hour in the five seconds immediately before the crash. He was traveling 108 miles per hour when he applied the brakes on his car 1.5 seconds prior to impact and 79 miles per hour .1 second before impact. The speed limit on the road was 40 miles per hour.

An officer with the Sacramento Police Department responded to the scene shortly after the crash and interviewed defendant. Defendant told the officer he just left work. As he passed a slower vehicle moving into the left lane, the victim's car turned in front of him and he was unable to stop. Defendant said he was driving at 45 to 50 miles per hour. He told the same story to a second police detective that responded to the scene. When the

first police officer told defendant the person in the other car died, defendant had no visible reaction other than to ask what would happen next and when would he be able to go home.

The jury found defendant guilty as charged. The trial court sentenced defendant to the middle term of four years in state prison, imposed a $600 restitution fine (§ 1202.4), an equal parole revocation fine (§ 1202.45), $7,500 in restitution to the Victim's Compensation Board (§ 1202.4, subd. (f)), a court operations fee of $40 (§ 1465.8), and a conviction assessment fee of $30 (Gov. Code, § 70373).

Defendant timely appealed.

## II. DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## III. DISPOSITION

The judgment is affirmed.

/S/

RENNER, Acting P. J.

We concur:

/S/

EARL, J.

/S/

BOULWARE EURIE, J.

4